**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**June 10, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

JAKE STANLEY DEWILDE,

    Plaintiff - Appellant,

v.

ATTORNEY GENERAL OF THE
UNITED STATES; DIRECTOR OF THE
BUREAU OF ALCOHOL TOBACCO
FIREARMS AND EXPLOSIVES,

    Defendants - Appellees.

No. 24-8071
(D.C. No. 2:24-CV-00084-SWS)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **BALDOCK**, and **EID**, Circuit Judges.
_____

Jake DeWilde, pro se[1], appeals the district court's dismissal under

Fed. R. Civ. P. 12(b)(6) of his 42 U.S.C. § 1983 action seeking a declaration that

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. DeWilde proceeds pro se, we construe his arguments liberally, but we "cannot take on the responsibility of serving as [his] attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

18 U.S.C. § 922(o), the federal statute making it unlawful (absent certain exceptions inapplicable here) for any person to possess a machinegun, is unconstitutional. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## BACKGROUND[2]

Mr. DeWilde, a private United States citizen, wished to construct and own an M16 machinegun "for all lawful purposes, including defense of hearth and home and militia functions." R. at 10, ¶ 28. So, he "submitted an ATF Form 5320.1, Application to Make and Register a firearm, to the [Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF)] requesting permission to make" one. *Id.* ¶ 29. The ATF declined his application. Believing that this denial was based on § 922(o), he brought a single-count complaint against the United States Attorney General and the director of the ATF, in their official capacities, seeking a "judgment declaring that 18 U.S.C. § 922(o) is facially unconstitutional" under the Second Amendment and "an order requiring [the ATF] to approve [his] . . . application to make an M16." *Id.* at 11, ¶¶ 39(A), (B).

The defendants moved to dismiss under Fed. R. Civ. P. 12(b)(6). Although Mr. DeWilde "expressly limited his . . . complaint to assert only a facial challenge to § 922(o)'s machinegun restriction," the court liberally construed the complaint as asserting both a facial challenge and an as-applied challenge to the statute. R. at 142.

---

[2] The facts we recount here come from Mr. DeWilde's complaint, which, like the district court, we take as true for purposes of analyzing a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019).

Concluding that § 922(o) was constitutional and rejecting Mr. DeWilde's arguments to the contrary, the court granted the motion. This appeal followed.

## DISCUSSION

"We review de novo a district court's decision on a Rule 12(b)(6) motion for dismissal for failure to state a claim. Under this standard, we must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019) (italics, citation, and internal quotation marks omitted). Likewise, "[c]hallenges to the constitutionality of a statute are reviewed de novo. The court begins its review with the presumption that the statute is constitutional." *United States v. Lynch*, 881 F.3d 812, 817 (10th Cir. 2018) (citation omitted).

Although the district court analyzed Mr. DeWilde's Second Amendment claim both (as-pled) as a facial attack on § 922(o) and (liberally construed) as an as-applied challenge to the statute, on appeal Mr. DeWilde expressly disclaims raising anything other than a facial challenge. *See, e.g.*, Aplt. Opening Br. at 3 ("The district court . . . improperly conducted the [*New York State Rifle & Pistol Assn., Inc. v.] Bruen*, [597 U.S. 1 (2022)] analysis under the epithet of an 'as-applied' application to DeWilde's challenge"); Aplt. Opening Br. at 15 n.18 ("[T]he district court's *Bruen* analysis . . . should not have been performed under the pretext of an as-applied challenge. . . . That independent analysis should have determined that the challenged statute is unconstitutional in all of its applications, and is, thus, facially

3

unconstitutional." (internal quotation marks omitted)).  We therefore limit our review to whether § 922(o) is facially unconstitutional.

It is not.  "A facial challenge to a legislative Act is . . . the most difficult challenge to mount successfully, since the challenger must establish that *no set of circumstances* exists under which the Act would be valid."  *United States v. Salerno*, 481 U.S. 739, 745 (1987) (emphasis added); *see also United States v. Cox*, 906 F.3d 1170, 1179 n.8 (10th Cir. 2018) ("It's harder to prevail on a facial challenge—unlike an as-applied challenge, a facial challenge fails if at least some constitutional applications of the challenged statute exist." (internal quotation marks omitted)).

The Second Amendment provides:  "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."  U.S. Const. Amend. 2.  But, this right, "[l]ike most rights, . . . is not unlimited."  *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008).  The Second Amendment "confers an individual right to keep and carry arms, but that doesn't mean that it gives everyone the absolute right to carry any weapon, in any manner, for any purpose."  *Cox*, 906 F.3d at 1184.

The Second Amendment right, by the plain text of the Amendment, only extends to arms a person can "bear," i.e. carry.  *See Heller*, 544 U.S. at 584 ("At the time of the founding, as now, to 'bear' meant to 'carry.'").  But § 922(o) restricts ownership of both bearable weapons, like the M16 rifle Mr. DeWilde sought to make, and non-bearable weapons, such as airplane-mounted automatic cannons.  This is

4

because § 922(o) relies on the definition of "machinegun" in 26 U.S.C. § 5845(b), which broadly defines the term to include "*any* weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger." (emphasis added). Because such a prohibition extends beyond the right the Second Amendment protects, Mr. DeWilde could not "establish that *no set of circumstances* exists under which the Act would be valid," *Salerno*, 481 U.S. at 745, so the district court correctly dismissed his facial constitutional challenge.

Urging a contrary result, Mr. DeWilde relies on *Doe v. City of Albuquerque*, 667 F.3d 1111, 1127 (10th Cir. 2012) for the proposition that the language in *Salerno* to describe facial challenges "is accurately understood not as setting forth a *test* for facial challenges, but rather as describing the *result* of a facial challenge in which a statute fails to satisfy the appropriate constitutional standard." Here, though, the district court did apply the appropriate constitutional standard, extending the Second Amendment right only to those arms a person can "bear." *Heller*, 554 U.S. at 584. Because § 922(o) extends beyond such arms, the district court correctly rejected Mr. DeWilde's claim that he was "entitled to declaratory and injunctive relief that 18 U.S.C. § 922(o) is facially unconstitutional." R. at 11, ¶ 38.

## CONCLUSION

We affirm the judgment of the district court.

Entered for the Court

Bobby R. Baldock
Circuit Judge